# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
## DENVER DIVISION

| | |
|---|---|
| Jessie Creamean | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Parking Revenue Recovery Services, Inc. | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jessie Creamean, ("Jessie"), is a natural person who resided in Denver, Colorado, at all times relevant to this action.

2. Defendant, Parking Revenue Recovery Services, Inc., ("PRRS"), is a Colorado Corporation that maintained its principal place of business in Englewood, Colorado, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, PRRS collected consumer debts.

6.  PRRS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7.  The principal source of PRRS's revenue is debt collection.

8.  PRRS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described, *infra*, PRRS contacted Jessie to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Jessie is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. On or around July 24, 2014, Jessie received an initial communication from PRRS.

13. This communication was in the form of a parking ticket and had writing on both sides

14. The front of the communication stated:

    a. "The vehicle identified is parked on private property in breach of posted and established rules and use limitations of this property.  As a result of said breach, Parking Revenue Recovery Service (PRRS) hereby demands the following charge:"

    b. "If payment is remitted within 14 days of issuance of the notice, as postmarked, payee may deduct $20.00 from the amount due."

    c. "Parking Revenue Recovery Service is NOT  a government or affiliated agency."

15. The back of the communication stated:

    a. "DISPUTES:

       Parking Revenue Recovery Services (PRRS) has exclusive authority to review and resolve all disputes concerning this Notice.  Please submit all requests and disputes to PRRS directly, in writing, within 14 days of issuance of this Notice."

    b. "Online:  www.ParkingRevenueRecovery.com or appeals@ParkingRevenueRecovery.com"

16. The back of the communication also provided the following address to which payments by check should be sent:

> Payment Center – PRRS
> P.O. BOX 22814
> Denver, CO 80222-2814

17. The language quoted in Paragraphs 15 and 16 above demonstrates that the communications were from PRRS.

18. This parking ticket did not identify PRRS as a debt collector attempting to collect a debt.

19. This parking ticket offered to reduce the amount owed if paid within 14 days.

20. In addition, the parking ticket stated written disputes were to be provided within 14 days.

21. Thereafter, on or around July 25, 2015, Jessie received another communication from PRRS in the form of a parking ticket.

22. The communication Jessie received from PRRS on or around July 25, 2015 was in the same form as described in Paragraphs 13 through 20 above.

23. On or around July 28, 2014, Jessie sent a letter to PRRS in which Jessie disputed the debt.

24. Subsequently, PRRS provided an automated response indicating PRRS was a debt collector attempting to collect a debt and that Jessie had 30 days to provide a written dispute.

25. PRRS provided conflicting information while attempting to collect a debt.

26. PRRS caused Jessie emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

30. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

32. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

34. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a.   Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.   For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,


By:_____/s/ David M. Menditto_____
Hyslip & Taylor, LLC, LPA
David M. Menditto, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: davidm@fairdebt411.com
Attorney for Plaintiff, Jessie Creamean


Date: April 3, 2015